B210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
For the Western District of Pennsylvania

In re Michael Bash,                                                                 Case No. <u>11-22014</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>InSolve Recovery, LLC</u> | <u>GE Capital Retail Bank</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

InSolve Recovery, LLC
BOX 88710
MILWAUKEE, WI 53288-0710

Phone: <u>866-870-1717</u>
Last Four Digits of Acct #: <u>6449</u>

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct #:

Court Claim # (if known): 26
Amount of Claim: <u>$15,120.95</u>
Date Claim Filed: <u>08/08/2011</u>

Phone: <u>(888) 676-2722</u>
Last Four Digits of Acct. #: <u>6449</u>

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: <u>/s/ Nichlas P. Spallas</u>                                                     Date: <u>3/13/2012</u>
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C. and GEM Holding, L.L.C. (collectively "Seller"), for value received, without recourse, to the extent permitted by applicable law, transfers, sells, assigns, conveys, grants and delivers to InSolve Recovery, L.L.C. (the "Buyer"), all right, title and interest in and to (i) the Accounts which are described on documents furnished by the Seller to the Buyer in connection herewith; and (ii) all proceeds of such accounts (each, an Account) after the close of business on December 29, 2011.

Pursuant to the foregoing assignment, the Seller stipulates that the Buyer may be substituted for the Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

Each of the obligations of the Seller required to be performed by the Seller on or prior to the date hereof pursuant to the terms of the Purchase Agreement dated December 19, 2011 between the Seller and the Buyer (the Agreement) has been duly performed; and all representations and warranties of the Seller made under such Agreement are true and correct as of the date hereof.

Dated: 12/30/11

**General Electric Capital Corporation**

By:_____
Name: Ken Wojcik
Title:  Vice President

**GE Capital Retail Bank**

By: _____
Name: Glenn P. Marino
Title: ~~President~~ EVP

**GEMB Lending, Inc.**

By: _____
Name: Stephen Motta
Title:  General Manager

**Monogram Credit Services, L.L.C.**

By: _____
Name: Glenn P. Marino
Title:  President

**RFS Holding, L.L.C.**

By: _____
Name: Vishal Gulati
Title:  CFO

**GEM Holding, L.L.C.**

By: _____
Name: Vishal Gulati
Title:  CFO

## ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C. and GEM Holding, L.L.C. (collectively "Seller"), for value received, without recourse, to the extent permitted by applicable law, transfers, sells, assigns, conveys, grants and delivers to InSolve Recovery, L.L.C. (the "Buyer"), all right, title and interest in and to (i) the Accounts which are described on documents furnished by the Seller to the Buyer in connection herewith; and (ii) all proceeds of such accounts (each, an Account) after the close of business on December 29, 2011.

Pursuant to the foregoing assignment, the Seller stipulates that the Buyer may be substituted for the Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

Each of the obligations of the Seller required to be performed by the Seller on or prior to the date hereof pursuant to the terms of the Purchase Agreement dated December 19, 2011 between the Seller and the Buyer (the Agreement) has been duly performed; and all representations and warranties of the Seller made under such Agreement are true and correct as of the date hereof.

Dated: 12/30/11

**General Electric Capital Corporation**

By: /s/ Ken Wojcik
Name: Ken Wojcik
Title: Vice President

**GE Capital Retail Bank**

By:_____
Name: Glenn P. Marino
Title:  President

**GEMB Lending, Inc.**

By:_____
Name: Stephen Motta
Title:  General Manager

**Monogram Credit Services, L.L.C.**

By:_____
Name: Glenn P. Marino
Title:  President

**RFS Holding, L.L.C.**

By:_____
Name: Vishal Gulati
Title:  CFO

**GEM Holding, L.L.C.**

By:_____
Name: Vishal Gulati
Title:  CFO